UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANTHONY J. ORR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE PROSECUTOR ADA COUNTY MICHAEL C. ANDERSON, STATE PUBLIC DEFENDER ADA COUNTY THEREASA MARTIN; BOISE POLICE DEPARTMENT, OFFICER RICHLE #1104; OFFICER POLLARD #994,<br><br>　　　　Defendants. | Case No. 1:24-cv-00448-BLW<br><br>**INITIAL SCREENING ORDER BY SCREENING JUDGE** |

## I. INTRODUCTION

Before the Court is Plaintiff Anthony J. Orr's Complaint (Dkt. 2) and In Forma Pauperis Application (Dkt. 1). Under 28 U.S.C. § 1915, this Court must review Plaintiff's request to determine whether he is entitled to proceed in forma pauperis, which permits civil litigants to proceed without prepayment of the full filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, No. 1:13-CV-00441-CWD, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). Additionally, under 28 U.S.C. § 1915(e)(2), courts are required to dismiss such complaints if the Court determines that the action is (1) frivolous or malicious; (2) fails to state a

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

claim on which relief may be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. For the reasons explained below, the Court will grant Plaintiff's in forma pauperis application and dismiss his complaint.

## II.  APPLICATION TO PROCEED IN FORMA PAUPERIS

Any party instituting a civil action in a federal district court is required to pay a filing fee. 28 U.S.C. § 1914. On application, however, a party may proceed in forma pauperis.  28 U.S.C. § 1915. The Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, . . . ." 28 U.S.C. § 1915(a)(1). To qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets he possesses and that indicates he is unable to pay the fee required. *Id.* The affidavit is sufficient if it states the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide for himself and dependents the "necessities of life." *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

Plaintiff's in forma pauperis application indicates that he earns $1,500 per month from "Self-Employment" and has expenses of between $1,500 and $1,700. Granted, the application is not entirely clear. Among other things, Orr' reported expenses report a "total" of between $1,500 and $1,700, but the individual, line-item expenses actually total somewhere between $1,750 and $2,450 *See App.*, Dkt. 1, at 4. On top of that, it's not entirely clear whether Orr is married. In one part of the form, he indicates that he has a spouse who is self-employed and earns between $3,500 and $4,000 per month. *Id.* at 3. But in in all other parts of the form, Orr indicates he doesn't have a spouse. Reading between the lines, plaintiff is unmarried and was presumably reporting his *ex*-spouse's earnings. The Court will not consider that person's reported earnings in assessing Orr's indigency. Construing the application in this fashion, the Court finds that Orr cannot afford to pay the filing fee and will therefore grant his in forma pauperis application.

### III.  SUFFICIENCY OF THE COMPLAINT

Once the Court grants an in forma pauperis application, it may conduct an initial review of the complaint to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e)(2). If the Court engages in this review, a complaint must be dismissed if it (1) states a frivolous or malicious claim, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §

1915(e)(2)(B). To state a claim upon which relief can be granted, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *See Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

A.  **Orr's Allegations**[1]

Orr's complaint arises out of an ongoing state prosecution, in which he is charged with various drug-related crimes as well as providing false information to an officer. *See Sept. 4, 2024 State-Court Complaint* in Ada County Case No. CR-01-24-30412 (reproduced at Dkt. 5, at 21-23). These charges stem from a

---

[1] Orr used a fill-in-the-blank form complaint. Within that form, he states that his claim is based on the Fourth Amendment. In the section instructing Orr to "write a short and plain statement of the claim," Orr refers to his concurrently filed Petition for Emergency Order. *See Compl.*, Dkt. 2, at 4. The Court has referred to both documents in describing Orr's allegations and in assessing the sufficiency of his complaint. Additionally, the Court has referred to the state-court complaint at issue here, which Orr attached to a later filing. *See* Dkt. 5, at 21-23.

September 3, 2024 traffic stop. Orr, who was riding his bike at the time, says the stop was unlawful because officers stopped him based on an assertion that he didn't have his back lights on when, in fact, he did. He alleges after the officers stopped him, they searched his phone, possibly tampered with or destroyed evidenced, and later refused to return the phone. He also alleges that the Boise Police Department has wrongfully refused to turn over video evidence of his arrest.

In addition to these allegations, Orr also includes a number of confusing allegations centered on his assertion that he is a "whistleblower." Dkt. 2-1, at 3-4. From what the Court can gather, Orr is alleging that his September 3, 2024 arrest occurred only because he witnessed some form of corruption related to at least one other pending criminal case, including *State v. Harris*, Ada County Case No. CR01-24-04115 (docket available at https://icourt.idaho.gov/) (accessed Dec. 5, 2024). Plaintiff includes a description of the *Harris* trial. He says that during this trial, the prosecutor lied to the court, coached complaining witnesses, and portrayed a false narrative to the jury. Dkt. 2-1, at 4. He also alleges that the defense attorney refused to present any witnesses, including Orr. But the allegations are mainly conclusory, rather than factual, and it's impossible to ascertain precisely what happened or how Orr was involved in the *Harris* matter. Orr wraps up his description of the *Harris* case with this summary paragraph:

> "This all lead to Marcus's false arrests and conviction as Brandi Meiller Can prove with my testimony in a statement and many more

INITIAL REVIEW ORDER BY SCREENING JUDGE - 5

> witnesses she has produced or will produce, as she is right now also seeking an ORDER FOR Protection for myself as a 'whistleblower' against Corruption, Any witness she has Produced and or Any Witness she can produce after producing more than two witnesses to Corroborate Marcus's and Brandie's testimonies.

*Attachment to Complaint,* Dkt. 2-1, at 4. As with other allegations regarding the *Harris* case, however, this summary paragraph does not help the reader understand what happened in that litigation, or how or why it serves as a stepping-stone to Orr's alleged Fourth Amendment claims in this action. In short, the complaint is often incoherent, leaving the reader to speculate as to the connection between the two cases.

### B.     Failure to Comply with Rule 8

For these reasons, Orr's complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure, which requires plaintiffs to allege a "plain statement of the claim" in a "simple, concise, and direct" manner. Fed. R. Civ. P. 8(a)(2) and (d)(1). As just explained, Orr's complaint includes a variety of factual allegations that significantly muddy the waters in terms of "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996). Under these circumstances, the Court will dismiss the complaint, though it will allow Orr an opportunity to amend. Any amended complaint—which must be prepared and filed by Orr, and not Meiller—should precisely allege: (1) which claims are being alleged against which

defendants; and (2) if plaintiff wishes to retain the "whistleblower" allegations, he must include detailed factual allegations regarding his involvement in the *Harris* matter, including, at a minimum: (a) what, precisely, he witnessed, (b) when he witnessed these events, and (c) how this knowledge relates to the *Harris* matter and his state-court case. Also, if Orr chooses to file an amended complaint to cure the deficiencies noted above, the amended complaint must be complete in itself without reference to any prior pleading. Further, defendants that are not renamed or claims that are not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). Finally, Orr may not expand his claims beyond those already alleged here or add new claims, without explaining how those new claims relate to the claims alleged in the complaint.

C. **The *Younger* Abstention Doctrine**

Orr should also be aware that if he chooses to amend his complaint, this Court likely would abstain from hearing the matter under the *Younger* abstention doctrine. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that federal courts generally must abstain from hearing civil rights claims related to pending state criminal cases. Adjudicating such claims is allowed only in the rarest of circumstances—where "the threat to the plaintiff's federally protected rights . . . cannot be eliminated by his defense against a single [state]

INITIAL REVIEW ORDER BY SCREENING JUDGE - 7

criminal prosecution." *Id.* at 46. A federal court should abstain under *Younger* if three factors are present: (1) there must be an ongoing state judicial proceeding; (2) the proceeding must implicate an important state interest; and (3) there must be an adequate opportunity in the state proceeding to raise the constitutional challenge. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Where abstention is appropriate, a federal court may still entertain an action when "extraordinary circumstances" are present, including: (1) where irreparable injury is both "great and immediate," *Younger*, 401 U.S. at 46; (2) where the state law is "flagrantly and patently violative of express constitutional prohibitions," *id.* at 53-54; or (3) where there is a showing of "bad faith, harassment, or any other unusual circumstances that would call for equitable relief," *id.* at 54. If abstention is appropriate, the court must dismiss claims for equitable relief because it lacks the discretion to grant such relief, *Beltran v. California*, 871 F.2d 777, 782 (9th Cir. 1988), and stay claims for damages until the resolution of the underlying criminal proceeding. *Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004).

Here, the Court likely would decline to hear Orr's claims because all three *Younger* factors indicate abstention is required. First, his alleged violations relate to an ongoing criminal case. (A review of the Idaho state database, iCourt, reveals that Plaintiff's criminal case remains pending in state court. *See State v. Orr*, Ada

County Case No. CR01-24-30412 (docket available at https://icourt.idaho.gov/) (last accessed Dec. 5, 2024)). Second, Orr's criminal proceedings involve important state interests. *See Younger*, 401 U.S. at 43 (recognizing that when the state proceeding is criminal in nature, the policy against federal interference is "particularly" strong). Third, the state-court proceedings provide an adequate opportunity for plaintiff to raise his claimed constitutional violations. Finally, Orr has not sufficiently alleged an exceptional circumstance sufficient to avoid abstention. Accordingly, should Orr choose to amend his complaint, he should be aware that the *Younger* abstention doctrine likely would require the Court to dismiss, without prejudice, his claims for equitable relief and stay his claims for damages.

### D. Brandie Meiller, a Non-Attorney, Cannot Represent Orr

Finally, the Court will order Brandie Meiller, a non-attorney, to stop representing Orr in this matter. The complaint contains several allegations related to Brandie Meiller, who Orr describes as follows: "Brandie Meiller AKA Durable Powers of Attorney For: Anthony J. Orr." *See Complt.*, Dkt. 2, at 1 (caption). In the form complaint on file, Anthony Orr completed the section of the complaint that is designated "For Parties Without An Attorney." *Id.* at 5. Ms. Meiller then completed the section designed "For Attorneys," indicating that she holds "Durable Powers of Attorney" for Orr. *Id.* And elsewhere in the complaint, Orr alleges that

Meiller is acting as his legal agent. In a nutshell, then, Meiller is attempting to represent Orr in this matter.

A plaintiff must assert his legal rights or interests and not the legal rights or interests of third parties. *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975). A plaintiff may plead and conduct his own case personally or by counsel. 28 U.S.C. § 1654; *see Iannaccone v. Law*, 142 F.3d 553, 558 (2nd Cir. 1998). This right to appear pro se, however, does not include the right for a non-attorney to represent the interests of others. *See id.* More to the point, Brandie Meiller cannot represent Orr in federal court as a non-attorney, even if she has power of attorney for him, because non-attorneys generally may not represent the interest of others. *See* 28 U.S.C. § 1654; *Iannaccone*, 142 F.3d at 558. Therefore, the Court will order Brandie Meiller to stop acting as a non-attorney representative in this case. Further, Meiller is advised that that under Idaho Law, a non-attorney representing another person in court is engaged in the unauthorized practice of law, which carries criminal penalties. *See* Idaho Code § 3-420. The Court notes that another judge in this District recently warned Meiller to stop acting as non-attorney for pro se plaintiff Marcus A. Harris. *See Oct. 7, 2024 Order in Harris v. Puegh,* No. 1:24-cv-000452-AKB (D. Idaho). Despite this warning, Meiller has continued to prepare and sign pleadings in this matter. *See* Dkts. 8, 9. The Court will therefore notify the Idaho State Bar that it believes Meiller is engaging in the unauthorized practice of law.

## V. ORDER

**IT IS ORDERED that:**

1. Plaintiff's In Forma Pauperis Application (Dkt. 1) is **GRANTED**.

2. Plaintiff's Complaint (Dkt. 2) is **DISMISSED WITH LEAVE TO AMEND.** Plaintiff must file any amended complaint within 21 days of this Order.

3. Brandie Meiller, a non-attorney, is prohibited from representing Orr in this case.

4. The Clerk is directed to a mail a copy of this decision to the Idaho State Bar, at the address listed below, along with a brief cover letter explaining that the Court believes Ms. Meiller is engaging in the unauthorized practice of law:

> Bar Counsel's Office
> Idaho State Bar
> P.O. Box 895
> Boise, ID 83701

5. All other pending motions (Dkts. 5, 6, 7, 8, 9) are **DEEMED MOOT.**

DATED: December 5, 2024

B. Lynn Winmill
U.S. District Court Judge